# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JOE JERRY HARRISON,

    Plaintiff,

v.

    No. CIV 11-043-RAW-SPS

DEBBIE MORTON, et al.,

    Defendants.

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the parties' motions, plaintiff's responses, and two special reports prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, a *pro se* inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Debbie Morton of the DOC Administrative Review Authority; Robert King, DCF Unit Manager; Robert Ezell, DCF Warden; and Sgt. Wilson, DCF Disciplinary Hearing Officer.[1]

Plaintiff alleges he was denied due process and equal protection under the law, when he was issued a misconduct at DCF, found guilty, and sanctioned. He asserts that on May 15, 2010, Defendant Robert King conducted a shakedown of his cell, but plaintiff was not

---

[1] To the extent Defendant Debbie Morton is sued in her official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

allowed to observe.[2] King claimed to have found a sharpened, round, approximately 10-inch piece of wood in the cell's light fixture. Plaintiff was issued a Class X misconduct for Possession/Manufacture of Contraband. Although plaintiff contends he could have been charged with a felony, he was not read his *Miranda* rights or allowed to have an attorney. In addition to monetary damages, he requests declaratory and injunctive relief, contending the DOC violates due process and equal protection rights by not allowing due process reviews of misconconduct convictions for inmates who do not receive earned credits.

The DOC's special report shows plaintiff was issued the offense report on May 5, 2010, along with the staff statement and a photocopy of the sharpened instrument. [Docket No. 21-2 at 2, 4-7]. The Investigator's Report, signed by plaintiff, indicated plaintiff did not want to present witnesses. [Docket No. 21-2 at 3].

Defendant Wilson acted as plaintiff's disciplinary hearing officer at the May 24, 2010, hearing. Plaintiff complains there was only a poor-quality, black and white photo as proof of the contraband, instead of the actual object. In addition, he was not allowed to confront his accuser or have witnesses present. He was found guilty and sanctioned with the loss of 365 earned credits, 90 days on Level 1, 30 days in segregation, and mandatory security points.

Plaintiff claimed that when he was moved to the DCF cell in question, his request to have it searched was denied. He steadfastly asserted he did not put the object in the light fixture, and he did not know it was there. He also complained that he was not permitted to view the cell inspection, and only Defendant King was present for the search. Plaintiff further maintains the search violated the DOC policy for searches and seizures, OP-040110.

The DOC special report writer states by affidavit that she reviewed the audio recording of plaintiff's disciplinary hearing and determined that only plaintiff and Sgt. Wilson, the DCF Disciplinary Hearing Officer, were present. An inmate may make a

---

[2] The actual date of the cell search was May 5, 2010 [Docket No. 21-2 at 2].

statement and present documentary evidence to the investigator and hearing officer. He also may request witnesses during the investigation and present witness statements to the hearing officer at the hearing. If the inmate fails to request witnesses from the investigator and fails to provide witness statements to the hearing officer, the inmate has waived his right to provide evidence from witnesses. Plaintiff did not attempt to introduce documentary evidence regarding witnesses or the fact he requested, but was denied, permission to observe the search of his cell. He also did not request the presence of live witnesses or his accuser at the hearing, and he did not ask to view the cell search. [Docket Nos. 21-3 at 2-4, 21-4 at 2]. Plaintiff was found guilty, based on his conversation with the hearing officer, the relevant reports and statements, and evidence of the sharpened object found in plaintiff's cell. [Docket No. 21-2 at 8].

The acting DCF warden reviewed the misconduct conviction and found that due process had been served. [Docket No. 21-2]. Plaintiff's appeal to the DOC Administrative Review Authority was returned unanswered, because he is serving an 85% sentence and, therefore, is not eligible to receive earned credits.[3] [Docket 21-5 at 4]. Pursuant to OP-060125, his ineligibility to receive earned credits prevents a due process review by the Administrative Review Authority. *Id.*

Defendant Debbie Morton has filed a motion for summary judgment, and the DCF defendants have filed a motion to dismiss under Fed. R. 12(b)(6), alleging plaintiff is precluded from seeking monetary damages for his claim. Having moved for summary judgment in her favor, Defendant Morgan is required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support
> the assertion by:

---

[2] Plaintiff's convictions for three counts of First Degree Rape, Forcible Sodomy, and Lewd Molestation require him to serve 85% of his sentences before becoming eligible for parole consideration or any credits to reduce the length of his sentence to less than 85%. *See* Okla. Stat. tit. 21, § 13.1.

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule of law extends to prison disciplinary hearings. *Id.* at 648.

Before plaintiff can seek compensatory damages for his alleged unconstitutional misconduct convictions, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487 (1994) (citing 28 U.S.C. § 2254). Because the misconduct has not been set aside, plaintiff's claim for damages under 42 U.S.C. § 1983 has not yet accrued. Therefore, Defendant Morton is entitled to summary judgment, and Defendants King, Ezell, and Wilson's Rule 12(b)(6) motion to dismiss should be granted for failure to state a claim upon which relief can be granted.

Plaintiff also seeks declaratory and injunctive relief, concerning the policy that denies a due process review of a misconduct when the inmate has an 85% sentence and is not entitled to receive earned credits. He asserts this denial of due process reviews results in unequal treatment of inmates based on their criminal convictions.

Defendant Morton alleges that because plaintiff has failed to show a continuing constitutional violation with respect to due process reviews of misconducts, he is not entitled

to declaratory or injunctive relief. To be entitled to an injunction, the moving party must demonstrate the fact that his constitutional rights actually have been violated. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). If a liberty interest exists, prisoners may claim the protections of the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Because "[p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply." *Id.* An inmate receives constitutionally adequate due process if he is given: (1) advance written notice of the disciplinary charge, (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence, and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). If these protections are provided, and there is "some evidence" to support the resolution of the disciplinary charge, then the Due Process Clause's procedural requirements have been satisfied. *Id.* Here, it is clear from the record that plaintiff received the due process protections set forth in *Superintendent v. Hill*, and he has shown no authority for his claim that he has a constitutional right to a due process review by the DOC's Administrative Review Authority.

Plaintiff also alleges the DOC Administrative Review Authority's failure to provide a due process review for prisoners serving 85% sentences violates the Equal Protection Clause, because inmates who are not subject to the 85% Rule are afforded a due process review of their misconduct convictions. To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than others who were similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). When the different treatment is not based on a suspect classification, the plaintiff also must allege sufficient facts to establish that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (citations omitted).

Plaintiff argues that inmates ineligible to receive earned credits actually are treated

differently from other inmates. Inmates subject to the 85% rule, however, are convicted of "particularly serious crimes," and plaintiff has not challenged the legitimate penological purposes for treating these inmates differently. Therefore, his equal protection claim fails.

**ACCORDINGLY,** Defendant Morton's motion for summary judgment [Docket No. 22] is GRANTED, and Defendants Ezell, King, and Wilson's motion to dismiss [Docket No. 25] is GRANTED. Plaintiff's claims challenging his misconduct conviction are DISMISSED WITHOUT PREJUDICE, and his requests for injunctive and declaratory relief are DISMISSED WITH PREJUDICE. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 23rd day of March 2012.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**